# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2202 | DATE | 7/13/2001 |
| CASE TITLE | Berndorf Belt Systems, Inc. Vs. Hardwood Rubber Products, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, we grant Harwood's motion and order that this case be transferred to the U.S. District Court for the Northern District of Ohio. Plaintiff's petition for an injunction is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | number of notices |
| | No notices required. | |
| | Notices mailed by judge's staff. | JUL 16 2001 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail A 450 form. | ED-7 FILED FOR DOCKETING |
| | Copy to judge/magistrate judge. | 01 JUL 13 PM 1: 16 date mailed notice |
| WAH | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BERNDORF BELT SYSTEMS, INC., )
)
    Plaintiff, )
)
vs. ) No. 01 C 2202
)
HARWOOD RUBBER PRODUCTS, )
INC., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Berndorf Belt Systems, Inc. ("Berndorf") brings this diversity action against Harwood Rubber Products, Inc. ("Harwood"), alleging breach of contract and breach of implied warranties arising from the sale of defective metal rollers. Harwood now moves to dismiss for lack of personal jurisdiction or, in the alternative, for transfer of venue to Ohio. For the reasons set forth below, we grant Harwood's motion and transfer this case to the U.S. District Court for the Northern District of Ohio.

Berndorf is an Illinois company in the business of building machinery for use in the chemical and food industries. In 1997, Berndorf contracted with Aristech Acrylics, LLC ("Aristech"), to install a casting machine at Aristech's facility in Florence, Kentucky. In connection with this service Berndorf, in September 1998, contracted with Harwood to procure metal rollers for the casting machine. Harwood, a closely-held Ohio corporation operating out of Cuyahoga Falls, Ohio, manufactures and supplies rollers and pulleys for industrial machinery. Pursuant to its contract with Berndorf, Harwood manufactured the rollers at its plant in Ohio and delivered them to Berndorf at Aristech's facility in Kentucky.

Berndorf completed its work on the casting machine in February 2000. In November 2000, the casting machine malfunctioned and Berndorf now claims that Harwood is to blame for manufacturing defective rollers.

Berndorf initiated this action against Harwood in Illinois state court. Harwood removed to this court on diversity jurisdiction grounds and now seeks to dismiss or transfer the lawsuit to Ohio. Harwood argues that it is not subject to personal jurisdiction in Illinois. Harwood has no physical presence in Illinois -- it maintains no offices, mailboxes, real estate or telephones in this state. Furthermore, Harwood employs no distributors, sales representatives or other agents in Illinois. The company has never engaged in any direct advertising in Illinois and does not maintain an internet website accessible by Illinois citizens. Finally, Harwood has never procured financing in Illinois, nor has it ever paid taxes in this state. Based on these facts, Harwood argues that it lacks sufficient contact with Illinois to be haled into an Illinois court. *See* RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997) (discussing personal jurisdiction standards); *see also* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 470-78 (1985); International Shoe Corp. v. Washington, 326 U.S. 310, 319 (1945).

Berndorf counters that Harwood is doing business in Illinois and should be subject to general jurisdiction here because of Harwood's sales to Illinois-based companies over the last several years. Berndorf points out that from 1997 through 2000, Harwood generated a total of approximately $120,000 in gross revenues derived from approximately 110 separate sales to Illinois companies. Over that four-year span, Illinois sales represented between 0.4 and 1.1 per cent of Harwood's annual gross revenue. Berndorf argues that this sales activity is

sufficient to trigger general personal jurisdiction over Harwood in Illinois.[1]

A court may assert general jurisdiction where the defendant has maintained "continuous and systematic general business contacts" with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); RAR, 107 F.3d at 1277; 735 ILCS 5/2-209. Under this concept, jurisdiction is appropriate over "those nonresident businesses that are so like resident businesses, insofar as the benefits they derive from state services are concerned, that it would give them an undeserved competitive advantage if they could escape having to defend their actions in local courts." IDS Life Ins. Co. v. SunAmerica Life Ins. Co., 136 F.3d 537, 540-41 (7th Cir. 1998). Harwood's activity does not rise to this level. Harwood does not avail itself of any Illinois services and would derive no identifiable competitive advantage over companies subject to Illinois jurisdiction. Although Harwood generates a small percentage of its annual receipts from Illinois-based companies, that alone is usually not sufficient. See Kavo American Corp. v. J.F. Jelenko & Co., 2000 WL 715602, at *4 (N.D. Ill. June 2, 2000) (collecting cases); Deere & Co. v. Howard Price Turf Equipment, Inc., 1999 WL 1101215, at *3-4 (N.D. Ill. Dec. 1, 1999). Courts finding general jurisdiction based on a comparably low level of revenue have pointed to additional factors beyond sales revenue to support their conclusions. See Neuman & Assoc. v. Florabelle Flowers, Inc., 15 F.3d 721, 723-35 (7th Cir. 1994) (defendant also maintained a resident sales agent in Illinois and conceded that it previously had conducted systematic business in Illinois); Colletti v. Crudele, 523 N.E.2d 1222, 1226-30 (Ill. App. 1 Dist.) (defendant maintained a service agent in Illinois, had procured operating licenses from the state, and had consented to jurisdiction in Illinois

---

[1] Berndorf concedes that there is no specific personal jurisdiction on these facts.

in prior related lawsuits), *appeal denied*, 530 N.E.2d 241 (Ill. 1988). Harwood's contacts with Illinois are sparse – not "continuous and systematic" – and therefore are insufficient to subject the company to general personal jurisdiction in this state.

When venue or personal jurisdiction is not proper in the forum in which the plaintiff commenced the action, the court may transfer the case to another more appropriate venue. 28 U.S.C. § 1406(a). Transfer is appropriate even if the transferor court lacks personal jurisdiction. *See* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). A parallel matter between these parties currently is pending in the Northern District of Ohio. Harwood Rubber Products, Inc. v. Berndorf Belt Systems, Inc., Case No. 5:01 cv 1141. Venue is appropriate in that district because Harwood resides within its borders. 28 U.S.C. § 1391(a). This case should proceed in that district.

Accordingly, we grant Harwood's motion and order that this case be transferred to the U.S. District Court for the Northern District of Ohio. Plaintiff's petition for an injunction is denied.

                                                     JAMES B. MORAN
                                                 Senior Judge, U. S. District Court

July 13, 2001.